# UNITED STATES DISTRICT COURT
## for the
## 5th Circuit of The Southern Mississippi

### COMPLAINT

**i. The Parties to This Complaint**

    A. The Plaintiff -


3:19 CV131 HTW LRA

Zorri N. Rush
6912 Mount Vernon Rd
Eupora / Webster
MS 39744
662 753 1249
zorrirush@hotmail.com

    B. The Defendants -

Eye Clinic of Eupora
3126 E Roane
Eupora, MS 39744
662-258-2020


SOUTHERN DISTRICT OF MISSISSIPPI
FILED
FEB 19 2019
ARTHUR JOHNSTON
BY _____ DEPUTY

**ii. JURISDICTION**

The state of Mississippi judiciary has dismissed the plaintiff due to his mental disabilities and disregard his legal complaints. The federal courts have jurisdiction over matters of denial of US Constitutional Rights and the refusal to investigate the claim by the State and department administration is evidence that procedural due process and Americans with Disabilities are being underserved in this area. With this in mind the case against the defendants should move forward to ensure justice.

U.S. Congressman Trent Kelly has been asked to inform the appropriate committees of the plaintiff's intent to seek damages in this case and others caused by the gross negligence and ongoing fraud in Mississippi that helps to create the environment for behaviour allowing the defendant to refuse to address allegations of gross negligence and violations of federal law that have caused irreparable damages in violation of 9 USC 4: Failure to arbitrate under federal agreement which establishes subject matter jurisdiction.

It is unreasonable to expect further interactions with the defense without the benefit of legal presence after an assault that will not be investigated due to strained relationships between the plaintiff and the Mississippi Attorney General Office. However, the plaintiff has been subject to a denial of medical services all over the state of Mississippi and the IRS has been notified in accordance with 42 USC 2651 to ensure recovery of any federal funding from transactions arising from violations of federal laws.

42 USC 5055 explains the application of federal law in detail and may set precedent for the rights of individuals to act as volunteers in our state without being deemed employees of the United States by courts or congress. Therefore as a volunteer the plaintiff submits his complaint in the hopes of exposing the potential for gross negligence in this case to have affected to lives of others subject to this administrative behaviour.

Joinder possibility dictates the attorney general of Mississippi and several government administrators in the southern district may be responsible for the defense and it is in the best interest of all parties to pursue this case in the southern district even with events occuring in the northern district. The implications of this case may be used for additional proceedings in the southern district.

### III. STATEMENT OF CLAIM

Plaintiff has been a patient of the defense since his teens and has been confident in his ability to perform his duties without disabilities that affect his mental capacity. However, recently the plaintiff was advised to change method of treatment for vision problems and a prescription was filled to help accomplish those goals. When the plaintiff had trouble getting the desired effect from the medical equipment a complaint was called in to the office and the medical provider requested an immediate consult.

The plaintiff was assaulted by the defendant during the consult and has not been able to re establish care with a different provider due to matters related to the application to proceed in this case without prepaying court costs and fees.

The plaintiff alleges the inability to provide a safe environment for treatment and the assault is evidence of criminal behaviour being overlooked by law enforcement and the Mississippi Judiciary. The failure to regulate the healthcare industry is a major contributor to this environment and has allowed the defense in this case and others filed by the plaintiff to violate the civil rights of individuals with disabling conditions.

It is unreasonable to expect further interactions with the defense without the benefit of legal presence after an assault that will not be investigated due to strained relationships between the plaintiff and the Mississippi Attorney General Office.

### IV. RELIEF

The defense is aware of the extent of plaintiff health concerns and the personal injury caused damages that prevent the plaintiff from participating in meaningful gainful activity due to faulty medical equipment sold entitling the plaintiff to damages under USC 28:1331 medical malpractice.

Plaintiff would also like to note the defense potential to avoid penalties associated with unethical practice with insurance filings that keep the public from being informed of the potential dangers

associated with a lack of regulation in the medicine that permits doctors to attack patients with complaints.

However, the plaintiff recognizes the complicated nature of mental health disease and the potential for the defense to learn more about patient interactions that would prevent this from occurring with others in the small communitie serviced by the defense. Therefore the plaintiff amends his request for damages from the maximum allowed to a demand for $1,000,000 US dollars to serve as a minimal imposition against actions by providers that threaten the doctor patient relationship and violate laws that protect American citizens from personal injury associated with medical malpractice that include threats of violence or intimidation during periods of failed regulation.

Further relief in the following.

1. Issue Summons ordering the defendants to appear before the court.
2. Order the defendants to submit a certified copy of the transcript and patient record, including evidence regarding filing and processing of complaint regarding faulty equipment and current disposition of patient.
3. Grant any further relief as may be just and proper under the circumstances of the case.

*Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11. I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.*

**Date of signing:** the 2nd day of February, 2019

**Signature of Plaintiff** _____ s/Zorri N. Rush _____

**Printed Name of Plaintiff** _____ Zorri N. Rush _____